a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL ELLIS #129424, Plaintiff | CIVIL DOCKET NO. 5:19-CV-00556 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAMES KEITH DEVILLE, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed by *pro se* Petitioner Michael Ellis ("Ellis"). Ellis is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Rapides Parish Detention Center II in Alexandria, Louisiana. Ellis challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

Because Ellis is not entitled to habeas relief, his Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

## I. Background

Ellis was convicted of possession of cocaine with intent to distribute. *State v. Ellis*, 49,078 (La. App. 2 Cir. 2/10/16); 195 So.3d 480, 482, *writ denied*, 2016-0537 (2017); 217 So.3d 359. According to the appellate court:

> Law officers executed a search warrant at defendant's Shreveport residence. Only the defendant and Seidah Elzie[1] were present.

---

[1] According to the opinion, the witness's name is Seida "Elzie." However, the record reflects that her last name as "Elsie."

The officers seized:
- two small rocks of suspected crack cocaine and a razor blade, found on a plate in Elzie's possession in the bathroom;
- two wads of cash, totaling $1,285[2];
- several small Baggies in a kitchen cabinet;
- an empty box for digital scales on the kitchen counter; and
- a piece of mail, addressed to the defendant at that location.

*State v. Ellis*, 144 So.3d 1152, 1155 (La. App. 2 Cir. 2014).

The appellate court summarized the testimony as follows:

Lieutenant Carl Townley, with the Caddo–Shreveport narcotics unit, was accepted as an expert and testified that:
- the box for digital scales found in the residence was for a type of scale commonly used to weigh illegal substances such as narcotics;
- the presence of the box for scales was inconsistent with personal use;
- he had never heard of a crack user weighing drugs bought for personal use;
- persons who purchase drugs wholesale for later distribution do weigh the drugs to verify the amount bought and amount to be resold;
- the small Baggies seized from the kitchen are called "dime Baggies" and are used to package small amounts of drugs for individual sale;
- the two rocks were worth about $5–$10 each;
- the plate with the drugs and a razor indicated that the rocks had been cut from a larger piece of cocaine and were not yet packaged for sale;
- the way that this crack was cut indicated that the drugs were for sale;
- the cash was in small denominations and "wadded up," which is consistent with having been in someone's pocket, which he said also suggested that the money represented proceeds from drug sales; and
- the evidence was consistent with possession with intent to distribute.

Keith Knox, the case agent, testified that:
- as soon as the house was secured, the suspects were handcuffed and separated for questioning, while other officers conducted their search;
- he explained the *Miranda*[3] rights to the defendant, who seemed to understand and who voluntarily waived the rights;
- only one other officer was present to hear the statement;

---

[2] $705 was taken off the defendant and $580 was found in a back bedroom.
[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

- the defendant admitted selling crack cocaine in small amounts;
- the defendant said he was unemployed but not for how long;
- the statement was not recorded and the officer made no notes;
- an empty box for digital scales was found on the kitchen counter;
- a box of small plastic Baggies was found in a kitchen cabinet;
- he had made thousands of arrests in 15 years as a law officer; and
- an envelope was found, addressed to the defendant at that house.

Officer John Witham testified that:
- Elzie was trying to flush two rocks and a razor blade in the toilet;
- she said the defendant told her to do it;
- chemists later identified the substance as 0.2 gram of crack cocaine;
- no digital scales were ever located; and
- no drugs were found that were already packaged for resale.

Seidah Elzie testified that:
- she was 22 and had a sexual relationship with Ellis, who was 47;
- she did not live with him but stayed at his house several days a week;
- she had been at the house since the night before;
- she was playing a video game when she saw the officers arrive;
- the defendant told her to dump the drugs into the toilet;
- only the razor blade fell in, just as the officers burst in the bathroom; and
- the crack cocaine belonged to the defendant.[4]

*Ellis*, 144 So.3d at 1155–57; ECF No. 11-3 at 154-161 (Townley); 11-4 at 12-25 (Knox); 11-4 at 63-69 (Witham); 11-4 at 41-58 (Elsie).

The jury was not unanimous in its decision. The verdict was 11 to one. *Ellis*, 195 So.3d at 4802. Following the conviction, Ellis pleaded guilty as a second felony habitual offender. He was sentenced to 22 years of imprisonment at hard labor, with the first two years to be served without the benefit of parole, probation, or suspension of sentence. *Id.*

The Louisiana Second Circuit Court of Appeal found that the evidence was insufficient to support a conviction of possession with intent to distribute. *Id.*

---

[4] She pleaded guilty to possession of cocaine and was placed on probation.

3

However, the Louisiana Supreme Court reversed. *State v. Ellis*, 179 So.3d 586 (2015). The conviction and sentence were affirmed by the Second Circuit on remand. *State v. Ellis*, 195 So.3d 480 (La. App. 2 Cir. 2016). Ellis filed a writ application in the Louisiana Supreme Court, which was denied. *State v. Ellis*, 217 So.3d 359 (2017). Ellis sought, and was denied, post-conviction relief. *State v. Ellis*, 2018-0845 (2019); 267 So.3d 73.

Ellis raises four claims in his Petition: (1) insufficient evidence; (2) involuntary confession; (3) unfair trial; and (4) ineffective assistance of counsel for failing to object to "false evidence." ECF No. 1-2 at 8-10. The State filed an Answer to the Petition and provided a copy of the complete state court record. ECF No. 11.

II. Law and Analysis

    A.    Rule 8(a) Resolution

The Court is able to resolve Ellis's § 2254 Petition without the necessity of an evidentiary hearing because there are no genuine issues of material fact relevant to Ellis's claims, and the state court records provide an adequate factual basis. *See Moya v. Estelle*, 696 F.2d 329, 332-33 (5th Cir. 1983); *Easter v. Estelle*, 609 F.2d 756, 761 (5th Cir. 1980); Rules Governing Section 2254 Cases.

    B.    Standard of Review

An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The role of a federal habeas court is to guard against extreme

malfunctions in the state criminal justice systems. It is not to apply *de novo* review of factual findings and to substitute its own opinions for the determinations made by the trial judge. *See Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (citing *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)).

Under § 2254 and the AEDPA, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Martin v. Cain*, 246 F.3d 471, 475-76 (5th Cir. 2001), *cert. den.*, 534 U.S. 885 (2001).

Therefore, § 2254(d) demands an initial inquiry into whether a prisoner's claim has been "adjudicated on the merits" in state court. If it has, the AEDPA's highly deferential standards apply. *See Davis*, 135 S. Ct. at 2198 (citing *Richter*, 562 U.S. at 103).

When a federal claim has been presented to a state court and the state court has summarily denied relief without a statement of reasons, it may be presumed that the state court adjudicated the claim on the merits, in the absence of any indication or state law procedural principles to the contrary. *Richter*, 562 U.S. at 99. A habeas court must determine what arguments or theories supported, or could have supported, the state court's decision, and then, whether it is possible fair-minded

jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See Richter*, 562 U.S. at 102. Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden must be met by showing there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98.[5]

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. *See Martin*, 246 F.3d at 476; *see also Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007), *cert. den.*, 555 U.S. 827 (2008).

A federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable. A federal court cannot grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously; the court must conclude that such application was also unreasonable. *See Martin*, 246 F.3d at 476.

---

[5] Pursuant to the AEDPA, pure questions of law, and mixed questions of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2). *See Martin*, 246 F.3d at 475-76.

6

An unreasonable application is different from an incorrect one. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). When a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable. *See Mitchell v. Esparza*, 540 U.S. 12, 18 (2003); *see also Davis*, 135 S. Ct. at 2199 (citing *Fry v. Pliler*, 551 U.S. 112, 119 (2007)).

### C. Ellis's claim that he was denied a fair trial was not fully exhausted and is now procedurally defaulted.

Ellis complains that he was denied a fair trial when the trial judge denied a motion for mistrial made in response to an allegedly prejudicial remark by the prosecutor in her opening statement. ECF No. 1-2 at 9. Ellis claims that the prosecutor incorrectly stated that Ellis admitted to selling crack from his home. ECF No. 1-2 at 13.

Before a state prisoner may seek habeas relief in federal court, he must first exhaust available state remedies to give the state courts an opportunity to correct alleged violations of federal rights. 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In order to provide the "opportunity" required, the prisoner must "fairly present" his claim "in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam)); *Byrom v. Epps*, 518 F. App'x 243, 251–52, 2013 WL 1277086, at *7 (5th Cir. 2013); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)); *Smith v. Quarterman*, 515 F.3d 392, 402 (5th Cir. 2008) (a petitioner must "provide

the highest court of the state a fair opportunity to apply the controlling federal constitutional principles to the same factual allegations before a federal court may review any alleged errors"). If a prisoner fails to exhaust his claim, it becomes procedurally barred.

Ellis now claims that the denial of a mistrial violated his constitutional rights. However, the state court record establishes that Ellis only alleged the violation of Louisiana law in his state filings. ECF Nos. 11-4 at 167; 11-5 at 156. Because Ellis did not allege the violation of a federal right, he did not fairly present the federal nature of his claim to the highest state court. Therefore, his claim is unexhausted.

Ellis's claim would now be procedurally barred if he attempted to go back to the state courts to present the federal claim. First, the time for seeking post-conviction relief has expired. La. C. Cr. P. art. 930.8. Second, the claim would be subject to dismissal as repetitive. La. C. Cr. P. art 930.4. Both Article 930.4 and 930.8 have been recognized as independent and adequate state grounds for rejecting post-conviction claims. *See Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998).

A habeas petitioner can overcome a procedural default by showing cause and actual prejudice for the default, or demonstrating that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). To establish cause, a petitioner must show that some external, objective factor impeded the efforts to raise the claim in a procedurally proper manner. "Examples of external impediments include active

8

governmental interference or the reasonable unavailability of the factual or legal basis for the claim." *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008) (citing *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997)) (internal quotations omitted).

Ellis does not allege, and nothing in the record suggests, any external factor that prevented him from presenting the federal nature of his claim to the Louisiana Supreme Court. "The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982)). Having failed to show an objective cause for his default, a determination regarding prejudice need not be made. *Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681–82 (5th Cir. 1977)).

A finding of fundamental miscarriage of justice depends on a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 434 (1986); *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Glover*, 128 F.3d 900, 902 (5th Cir. 1997). To satisfy the factual innocence standard, a petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible

declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence. *See id.*

Ellis presents no new evidence indicating his innocence. And he does not show that, as a factual matter, he did not commit the crime. *Id.*; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). Thus, his claim should be denied and dismissed.

### D. Ellis's claim of insufficient evidence is meritless.

Ellis alleges that there was insufficient evidence to convict him of possession with intent to distribute. ECF No. 1 (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)).

Ellis contends that "the jury could not reasonably find that the evidence produced by the prosecution was inconsistent with the hypothesis that the drugs belonged to Ms. Elzie or for personal use." ECF No. 1-2 at 8. He alleges that no drugs were found on his person, and there is insufficient evidence that he possessed the specific rocks of crack cocaine. Ellis also asserts that Elsie's testimony does not satisfy *Jackson*, and that the evidence does not support a finding of specific intent to distribute.

Because a sufficiency of the evidence claim presents a mixed question of law and fact, the Court must defer to the state courts' decision rejecting this claim unless Ellis shows that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

*Jackson* provides the standard for claims of insufficient evidence. Under *Jackson*, a court must determine whether, after reviewing the evidence in the light

most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 316-17. Accordingly, "[t]he Jackson inquiry 'does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit.'" *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (quoting *Herrera v. Collins*, 506 U.S. 390, 402 (1993)). The *Jackson* standard applies to both direct and circumstantial evidence. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990). Therefore, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court.

Moreover, as the United States Fifth Circuit Court of Appeals has observed: "[A] state prisoner's burden is especially heavy on habeas review of the sufficiency of the evidence. The jury's finding of facts will be overturned only when necessary to preserve the fundamental protection of due process of law." *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (quotation marks omitted). Further, because the state court's decision applying the already deferential *Jackson* standard must be assessed here under the strict and narrow standards of review mandated by the AEDPA, the standard to be applied by the Court is in fact "twice-deferential." *Parker v. Matthews*, 567 U.S. 37, 43 (2012); *Harrell v. Cain*, 595 F. App'x 439 (5th Cir. 2015).

Ellis was convicted of possession with intent to distribute in violation of La. R.S. 40:967(A)(1), which makes it unlawful for any person knowingly or intentionally

11

to possess with intent to produce, manufacture, distribute, or dispense a controlled dangerous substance or controlled substance analogue classified in Schedule II.

In Louisiana, constructive possession supports a conviction. *See State v. Toups*, 833 So.2d 910 (2002). "Constructive possession is defined as having an object subject to one's dominion and control, with knowledge of its presence, even though it is not in one's physical possession." *State v. Mingo*, 965 So.2d 952, 956 (La. App. 2 Cir. 2007) (citing *State v. White*, 850 So.2d 987 (La. App. 2d Cir. 2003)). A determination of whether there is constructive possession sufficient to convict depends on the particular facts of each case. Factors to be considered include: (1) knowledge that drugs were in the area; (2) the defendant's relationship with the person found to be in actual possession; (3) the defendant's access to the area where the drugs were found; (4) evidence of recent drug use; and (5) the defendant's physical proximity to the drugs. *See Toups*, 833 So.2d at 910.

To determine whether circumstantial evidence suffices to prove specific intent to distribute, the state courts consider: whether the defendant distributed or attempted to distribute drugs; whether the drug was in a form usually associated with distribution; whether the amount creates an inference of intent to distribute; whether the amount of drugs found in defendant's possession was inconsistent with personal use; and whether there was other evidence of intent to distribute, such as scales or packaging materials. *State v. Cummings*, 46,038 (La. App. 2 Cir. 1/26/11), 57 So.3d 499, *writ denied*, 2011-0341 (2011), 63 So.3d 1037.

A defendant's confession is direct evidence and an acknowledgement of guilt that requires no inference to be drawn. *See* La. R.S. 15:449; *State v. Allen*, 41,548 (La. App. 2 Cir. 11/15/06), 942 So.2d 1244, *writ denied*, 2007-0530 (2007), 969 So.2d 619. Ellis admitted to selling small quantities of crack, and paraphernalia was found in his home. ECF No. 11-4 at 17. There was no evidence of recent drug use to suggest mere possession.

In concluding that the state appellate court erred in finding the evidence insufficient to convict of possession with intent to distribute, the Louisiana Supreme Court noted that no paraphernalia of personal use was found in Ellis' home; the small amount of the crack was not the determinative factor in evaluating intent to distribute; and the court impinged on the factfinder's discretion to reject the hypothesis that the drugs belonged to Elsie, particularly in light of her testimony that the drugs belonged to Ellis. *State v. Ellis*, 179 So.3d 586, 588, 2014-1511 (2015). The court also noted that Ellis was unemployed but had over $700 in his pocket and $580 in a bedroom. *Id.* at 589. Further, the court pointed out that Ellis admitted that he sold small quantities of crack. *Id.*

Additionally, there was expert testimony that other evidence was indicative of distribution, including small plastic baggies, a digital scale box, money, and two small rocks that appeared to have been cut from a larger quantity for resale. *Id.*; ECF No. 11-4 at 19, 21. The Louisiana Supreme Court concluded that, while the evidence in isolation might be "susceptible of innocent explanation," the evidence viewed as a whole in the light most favorable to the prosecution allowed for the factfinder to infer

13

that Ellis possessed the drugs with the intent to distribute. *Id.*

Ellis does not show that the Louisiana Supreme Court's decision was an objectively unreasonable application of the deferential *Jackson* standard. His argument suggesting that the State's evidence did not exclude the alternative hypotheses that the drugs either belonged to Elsie or were for personal use does not warrant habeas relief.

Louisiana law requires that circumstantial evidence exclude every reasonable hypothesis of innocence in order to convict. *See* La. R.S. 15:438. However, this standard does not apply on federal habeas review. *Williams v. Cain*, 408 F. App'x 817, 821, 2011 WL 134951 (5th Cir. 2011) ("to the extent that this statute imposes a heavier burden than *Jackson*, we need not consider it on federal habeas review"); *Foy v. Donnelly*, 959 F.2d 1307, 1314 n.9 (5th Cir. 1992); *Wade v. Cain*, 2008 WL 2679519, *6 (W.D. La. May 15, 2008), *aff'd*, 372 F. App'x 549 (5th Cir. 2010).

Likewise, Ellis's argument that Elsie's testimony alone does not satisfy the *Jackson* standard also fails. Credibility determinations are for the trier of fact and not to be second-guessed on habeas review. *United States v. Young*, 107 F. App'x 442, 443 (5th Cir. 2004). Any conflicting inferences that arise from the fact that the drugs were located with Elsie in the bathroom, and from the amount of crack found, ought to be resolved in favor of the verdict. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005), *cert. denied*, 546 U.S. 831 (2005).

Ellis infers that, despite admitting that he sold small amounts of crack, the evidence was insufficient to prove his intent to distribute the particular rocks of crack

cocaine found in his home. The Louisiana Supreme Court rejected Ellis's attempt separate his admission from the offense at issue, stating that his "contention that the grammar of his admission should be finely parsed, and that he admitted only to a completed action in the past rather than an ongoing course of conduct ignores the reality of spoken communication." *Ellis*, 179 So.3d at 589. Ellis admitted to selling small amounts of crack, and a small amount of crack was found in his home along with other signs of distribution. ECF No. 11-4 at 17, 19, 24. Though Ellis suggests alternative ways of viewing the evidence found in his home, it must be viewed in the light most favorable to the prosecution under *Jackson*.

As such, the evidence is clearly sufficient to support the jury's verdict that he possessed the crack found in his home with the intent to distribute. Ellis does not show that the Louisiana Supreme Court's evaluation of his claim under *Jackson* was objectively unreasonable.

E. Ellis's *Miranda* claim fails.

Ellis argues that his admission that he sold crack was involuntary under *Miranda*. Ellis claims that there was no evidence of any *Miranda* warning being given or a knowing and intelligent waiver of rights. ECF No. 1-2 at 22.

Although no motion to suppress was filed, the trial court conducted a hearing to determine the admissibility of Ellis's statement at trial. ECF No. 11-3 at 134-42. Agent Knox testified that he recited the *Miranda* warning, and that Ellis advised that he understood those rights. *Id.* at 135. He testified that, after the *Miranda* warning,

15

Ellis admitted that he sold small amounts of crack cocaine, obtained from a source in his neighborhood. *Id.*

Defense counsel objected that Agent Knox misstated the *Miranda* warning on direct examination.[6] However, the trial judge found that the *Miranda* warning was proper, and that Ellis's statements were "freely and voluntarily made." ECF No. 11-3 at 139, 141. On appeal, the Second Circuit found "not one scintilla of evidence that the confession was illegally obtained," and the Louisiana Supreme Court denied writs without comment. *Ellis*, 195 So.3d at 484.

Additionally, an officer's testimony alone is sufficient to prove that a *Miranda* warning was given. *See Dickerson v. Cain*, 2015 WL 10323197, *6 (E.D. La. 2015). There is no constitutional requirement for the state to obtain a written waiver. *See North Carolina v. Butler*, 441 U.S. 369, 373 (1979). Where "the prosecution shows that a *Miranda* warning was given and that it was understood by the accused, [his] uncoerced statement establishes an implied waiver of the right to remain silent." *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010).

---

[6] After testifying that he explained the Miranda rights to Ellis, Agent Knox was asked "what are those rights?" He answered:
> You have a right to remain silent. Anything you say can and will be used against you in a court of law. You have a right to an attorney. Excuse me for one second. You have a right to remain silent. Anything you say can and will be used against you in a court of law. Anything you say can and will be used against you. You have a right to refuse talking to me at this time if you choose to do so. You have the right to talk to your attorney before talking to me at any time.

Though Agent Knox may have somewhat stumbled on his words and repeated himself in stating the *Miranda* rights during his testimony, there is no "talismanic incantation" of phrases required to satisfy the strictures of *Miranda*. *See California v. Prysock*, 453 U.S. 355, 359 (1981).

Moreover, the trial court conducted a hearing and determined that Ellis' statement was made freely and voluntarily before it was admitted at trial as required by *Sims v. State of Georgia*, 385 U.S. 538, 543-44 (1967) and *Jackson v. Denno*, 378 U.S. 368 (1964). Through the uncontroverted testimony of Agent Knox, the prosecution met its burden of proving that Ellis's statement admitting he sold small amounts of crack was freely and voluntarily made after advisement and waiver of the *Miranda* warnings.

Whether a confession was properly admissible at trial presents a mixed question of law and fact. *Miller v. Fenton*, 474 U.S. 104, 112 (1985). The state court's factual determination of voluntariness is entitled to a presumption of correctness, and a petitioner must produce clear and convincing evidence to rebut this presumption. *See* 28 U.S.C. §2254(e)(1). Ellis produces no such evidence, and the state courts' determination that his admission was voluntary must be presumed correct. Ellis does not show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. §2254(d)(1).

F. <u>Ellis cannot establish that he received ineffective assistance of counsel.</u>

To prevail on an ineffective assistance of counsel claim, a petitioner must show both deficient performance by counsel—meaning counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Sixth Amendment—and prejudice—meaning that counsel's errors deprived the petitioner of a fair trial with a reliable result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1983). There is a

17

"strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Harrington v. Richter*, 562 U.S. 86, 104 (2011).

Ellis claims he received ineffective assistance of counsel because his attorney did not object when Elsie testified that the crack belonged to him. Ellis claims that, because Elsie pleaded guilty to possession of crack, she could not truthfully testify that the crack was his. ECF No. 1-2 at 25. Thus, Ellis concludes that his attorney's failure to object to these "factually contradictory theories" constituted ineffective assistance. *Id.* at 25-26.

Under Louisiana law, a person can be found to have possessed a drug even though it was not in his physical custody if it was subject to his dominion and control. A person can also be in joint possession of drugs physically possessed by another if he willfully and knowingly shares the right to control it. *Guzman v. Lensing*, 934 F.2d 80, 82 (5th Cir. 1991); *Toups*, 833 So.2d at 913. Therefore, there was no basis for counsel to object to Elsie's testimony.

Ellis does not show that any objection was warranted or a reasonable probability that an objection would have been granted or altered the outcome of his trial. He fails to show deficient performance or prejudice as required to prevail on a *Strickland* claim, or that the state court's adjudication of the claim was an objectively unreasonable application of the deferential *Strickland* test.

### III. Conclusion

Because Ellis is not entitled to habeas relief, IT IS RECOMMENDED that his Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Friday, November 5, 2021.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE